IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **RONALD R. BITSCHENAUER** | ) | |
| | ) | **Case No.**  21-3139 |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **GREEN FAMILY STORES, INC., d/b/a** | ) | |
| **GREEN TOYOTA VOLKSWAGEN** | ) | |
| **AUDI and MYLAS COPELAND,** | ) | |
| an individual | ) | **Equitable Relief Requested** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**NATURE OF CLAIM**

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment protected by the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et. seq., with supplemental claims under the Illinois Human Rights Act, 775 ILCS 5/1 et. seq.

**THE PARTIES**

2. Plaintiff is an adult male residing in Springfield, Illinois, and at all times relevant to this Complaint, was employed by Defendant Green Family Stores, Inc., (hereinafter "Green") a dealer in new and used vehicles located in Springfield, Illinois.

3. At all times relevant to this complaint Green was a "person" and Plaintiff was an "individual" protected against retaliation for opposing unlawful acts or practices under the Americans with Disabilities Act, 42 USC 12203 (a).

4. Plaintiff, at all times relevant to this complaint, was an "employee" within the

meaning of 775 ILCS 5/2-101(A) of the Illinois Human Rights Act and Defendant Green Family Stores, Inc. was a covered employer within the meaning of 775 ILCS 5/2-101(B) of the Illinois Human Rights Act.  Defendant Mylas Copeland is a person within the meaning of 775 ILCS 5/6-101.

**JURISDICTION AND VENUE**

5.  The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

6.  Venue is properly laid in this judicial district pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 2000E-5(f)(3), and 28 U.S.C. § 1331 because the employment practices involved in this dispute occurred in Springfield, Illinois, within this judicial district.

7.  Plaintiff has complied with all statutory prerequisites to his claim, having filed a charge of discrimination with the Equal Employment Opportunity Commission and obtained a Notice of Right to sue letter dated June 16, 2021.  On June 8, 2020, the Illinois Department of Human Rights issued a "notice of opt out of the investigative and administrative process, right to commence an action in circuit court or other appropriate court of competent jurisdiction, and order of administrative closure."

**FACTUAL BASIS OF SUIT**

8.  Plaintiff began employment by Green as a detailer on or about August 17, 2020.

9.  Beginning with his first day of employment, Plaintiff saw that a co-worker, Bill Peterson, was verbally abusing and harassing two other detailers because of their

autism and severe attention deficit disorder.  Plaintiff asked Bill Peterson to stop harassing the disabled detailers, to no avail.

10.  Plaintiff brought his concerns to Vince Fox, the supervisor who hired him.

11.  Vince Fox called a meeting in the back of the detail shop on October 8, 2020, and told Bill Peterson, in effect, that he must change his behavior or his employment would be terminated.

12.  Bill Peterson continued to harass the disabled workers despite the meeting on October 8, 2020.

13.  Therefore, on October 12, 2020, Plaintiff went to Mylas Copeland, the general Manager, who appeared to share his concerns.

14.  Thereafter, Vince Fox called a meeting on October 17, 2020, attended by Mylas Copeland and all the detailers.  The atmosphere of the meeting was tense.  Vince Fox announced that if Plaintiff had anything to say he should do so.  Plaintiff again voiced his opposition to the harassment of the disabled detailers whereupon Mylas Copeland appeared to be very irritated and told Plaintiff to go home.  After the meeting Plaintiff confirmed with Vince Fox that Mylas Copeland had terminated his employment.

15.  Plaintiff's termination of employment by Mylas Copeland, general manager of Green, closely followed his protected activity and was motivated by retaliation.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Retaliaton)

16.  Plaintiff realleges and incorporates paragraphs 1 through 15 of this complaint.

17.  Plaintiff, reasonably and in good faith, believed that Bill Peterson was engaging in unlawful discrimination and his employment was terminated because he opposed that

discrimination.

WHEREFORE, Plaintiff prays for judgment against Defendant Green as follows:

1) Lost wages and front pay in lieu of reinstatement; 2) Attorney's fees, litigation expenses and court costs; 3) Post judgment interest; and 4) Any other relief the Court deems just and proper.

## COUNT II
### Violation of the Illinois Human Rights Act
### (Retaliation)

18. Plaintiff realleges and incorporates paragraphs 1 through 15 of this complaint.

19. It is a civil rights violation under the Illinois Human Rights Act for any person to retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination. 775 ILCS 5/6-101 (A)

20. Plaintiff, reasonably and in good faith, believed that Bill Peterson was engaging in unlawful discrimination and Plaintiff's employment was terminated because he opposed that discrimination.

WHEREFORE, Plaintiff prays for judgment against Defendant Green and Mylas Copeland jointly and severally as follows:

1) Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Lost wages and front pay in lieu of reinstatement; 3) Attorney's fees, litigation expenses and court costs; 4) Post judgment interest; and 5) Any other relief the Court deems just and proper.

        Respectfully submitted,

        **RONALD R. BITSCHENAUER**

        s/  James A. Devine
        Attorney for Plaintiff

James A. Devine
Attorney at Law
607 East Adams, Suite 1510
Springfield, Illinois 62701
voice (217) 788-0798
facsimile (217) 788-1660
email:  jamesalbertdevine@gmail.com
ARDC No. 0625140